**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2975
_____

YAN HAI ZHANG,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A094-787-867)
Immigration Judge:  Honorable Susan G. Roy
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 15, 2012

Before:  FUENTES, JORDAN and VAN ANTWERPEN, Circuit Judges

(Filed: February 27, 2012)
_____

OPINION
_____

PER CURIAM

        Yan Hai Zhang petitions for review of a decision of the Board of Immigration

Appeals (BIA).  For the reasons below, we will deny the petition for review.

Zhang, a native of China, entered the United States around May 1, 2006. On May 4, 2006, he was charged as removable as an alien present in the United States without being admitted or paroled. Zhang conceded removability and applied for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). He alleged that he had been beaten and detained by birth control officials who had forced his wife to undergo an abortion. He also asserted that family planning officials notified him that either he or his wife must be sterilized. He believes that he would be sterilized if removed to China because his wife cannot undergo sterilization for medical reasons.

After a hearing, the IJ denied relief. The IJ concluded that the beating and detention Zhang suffered did not rise to the level of persecution. The IJ determined that Zhang did not have a well-founded fear of persecution based on his belief that he would be sterilized if removed to China. A.R. at 92. The BIA dismissed Zhang's appeal. It agreed that the beating and brief detention were not persecution. It also concluded that Zhang had not shown a well-founded fear of persecution because there was no evidence that any steps had been taken to collect the fine assessed on him and his wife in 2005. Nor had Zhang provided evidence of any medical condition which would prevent his wife from being sterilized or proof that the birth control officials are seeking to sterilize him. The BIA concluded that Zhang had made no claim of "other resistance" to China's birth control policy and had waived the issue. Zhang filed a timely petition for review.

We have jurisdiction under 8 U.S.C. § 1252. To establish eligibility for asylum, Zhang needed to demonstrate either past persecution or a well-founded fear of future

2

persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. See Wang v. Gonzales, 405 F.3d 134, 138 (3d Cir. 2005). To establish eligibility for withholding of removal, he needed to demonstrate that it was more likely than not that his life or freedom would be threatened in China on account of a protected ground. 8 U.S.C. § 1231(b)(3)(A). To be eligible for withholding of removal under the Convention Against Torture, he needed to demonstrate that it is more likely than not that he would be tortured if removed to China. 8 C.F.R. § 1208.16(c)(2). The BIA's decision may not be reversed unless the record evidence would compel a reasonable fact-finder to conclude that Zhang had met his burden. I.N.S. v. Elias-Zacarias, 502 U.S. 478, 481 (1992).

Zhang argues that he has shown past persecution and a well-founded fear of future persecution based on his other resistance to the family planning policy. Zhang contends that he established other resistance when he struggled with the birth control officials in an attempt to protect his wife from a forced abortion. He asserts that he was beaten and detained. However, a minor beating and brief detention do not rise to the level of persecution. See Chen v. Ashcroft, 381 F.3d 221, 235 (3d Cir. 2004) (beating with sticks by police that produced no injuries needing medical treatment not persecution).

Zhang contends that he faces sterilization if removed to China. He admits that his wife has not been sterilized and that the family planning officials have not tried to collect the fine. He asserts that he has been sought for sterilization on more than one occasion

3

and that he knows of other who have been forcibly sterilized.  He states that his wife cannot be sterilized due to her poor health.

Zhang argues that the IJ unreasonably demanded corroborating evidence.  The IJ believed that it would have been reasonable for Zhang to obtain medical records supporting his assertion that his wife could not be sterilized for medical reasons.  Zhang contends that he and his wife went to a small hospital and cannot afford to request documentation.  Under 8 U.S.C. § 1252(b)(4), we may not reverse a determination made with respect to the availability of corroborating evidence unless a reasonable trier of fact would be compelled to conclude that such evidence is unavailable.  Zhang has not pointed to any evidence in the record that compels such a finding.

Zhang challenges the BIA's conclusion that Zhang had waived his claim based on other resistance to the family planning policy.  Zhang argues that he testified to the facts of this claim but admitted that he did not present those facts as the basis for his claim.  However, regardless of whether Zhang sufficiently raised such a claim, he has not shown past persecution as noted above.

Zhang has not shown that a reasonable fact-finder would be compelled to conclude that he had met his burden of demonstrating past persecution, a well-founded fear of persecution, or the likelihood of torture if he is removed to China.  For the above reasons, we will deny the petition for review.

4